Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Philip G. Reinhard |
|---|---|---|---|
| CASE NUMBER | 01 C 50134 | DATE | 1/24/2002 |
| CASE TITLE | BEAUCHEM vs. ROCKFORD PRODUCTS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, this court grants Plaintiff's motion to compel in part and denies it in part. The parties are ordered to submit an agreed protective order to the court by February 1, 2002. Defendant must produce the requested documents in accordance with this decision by February 15, 2002.

(11) ■ [For further detail see attached order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 24 2002 | 26 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/24/2002 | |
| tml | courtroom deputy's initials | | date mailed notice gg | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DOCKETED
JAN 2 4 2002

HARRY J. BEAUCHEM,

Plaintiff,

v.

ROCKFORD PRODUCTS CORP., FIRST
OF AMERICA BANK, ROCKFORD, N. A.
and JOHN DOE

Defendant.

Case No. 01 C 50134

Philip G. Reinhard
P. Michael Mahoney

## Memorandum Opinion and Order

Plaintiff has filed a motion to compel Defendant, Rockford Products Corp., to produce documents requested by Plaintiff pursuant to Rule 34 of the Federal Rules of Civil Procedure. Defendant's response to Plaintiff's motion indicates that it believes the disputed documents are not relevant pursuant to Rule 26(b). Plaintiff's complaint, filed April 27, 2001, alleges that Defendant, as named sponsor, fiduciary, named fiduciary and a party with an interest, with regard to the ESOP, breached its fiduciary duty. (Complaint at 7, filed 4/27/2001). Plaintiff alleges that Defendant overcharged the ESOP for the ESOP stock purchase, actively concealed the overcharge and failed to take action to recoup the losses ESOP sustained as a result of the stock purchase, that Defendant caused ESOP to engage in a per se prohibited transaction and that Defendant sold stock held by ESOP for less than fair and adequate consideration and failed to act solely in the interest of the plan participants and beneficiaries, failed to act with the required care, skill and prudence and failed to act in accordance with the express terms of the plan. (Complaint at 29 A-C, 31 A-C and 32 A-D, filed 4/27/2001).

This court notes that Plaintiff's motion to compel cited to and asserted the documents relevance under Rule 26(b) as it was written prior to its most recent amendment. Prior to that amendment, Rule 26(b) provided for the discovery of non-privileged information relevant to "the subject matter involved in the pending action." As amended, Rule 26(b) provides for the discovery of non-privileged information relevant to "the claim or defense of any party". Fed. R. Civ. P. 26(b)(1). This change in Rule 26 indicates that the scope of discovery has been narrowed by some degree and that relevance is more closely tied to the actual allegations contained in the complaint.

With respect to Defendant's claims that the documents requested by Plaintiff, in Document Request Nos. 2-4, 8-10, 12-18, 20-23 and 32, are not relevant, this court finds the following:

In Request Nos. 2, 9, 10, 12-15, 17, 18 and 20-23, Plaintiff has sought the production of documents relating to Defendant's Savings and Retirement Plan and Correlated Pension Plan, and not just those relating to the ESOP. Plaintiff asserts that information relating to the value of stock sold, purchased by or distributed to those other plans is relevant to the issue of whether the ESOP received adequate consideration in connection with its own stock transfers. This court has determined that while the scope of Rule 26(b) may have been narrowed by its recent amendment, even as amended, Rule 26 allows the discovery Plaintiff seeks with respect to the valuation of the other plan's stock. Plaintiff cites to *Hammond v. Trans World Airlines*, No. 89 C 8938, 1991 U.S. Dist. LEXIS 6868 (N.D. Ill. May 21, 1991). In that case, it was determined that in a claim under ERISA for breach of fiduciary duty, documents relating to plans other than that at issue may be relevant to the plaintiffs' claims that they were treated unfairly. While *Hammond* pre-dates the amendment of Rule 26(b), this court finds that the determination in *Hammond* would have been

supported by the amended rule as well. In *Hammond* the court found that the documents sought were relevant to Plaintiff's claims and not just to the subject matter of Plaintiff's claims. Similarly, in this case, the documents sought, if they relate to the valuation of the stock at issue with respect to the other plans, are relevant to Plaintiff's claims that Defendant improperly valued the ESOP stock. Therefore, those non-ESOP documents are discoverable and Plaintiff's motion as to those documents is granted.

In Request No. 2, Plaintiff seeks all documents that identify plan fiduciaries. Defendant has agreed to produce sufficient documentation to identify ESOP fiduciaries but objects to producing all such documents. Plaintiff has failed to sufficiently state why all documents requested are necessary. Defendant has agreed to provide sufficient documents to respond to Plaintiff's request and this court finds that Defendant has adequately responded to Plaintiff's request. Therefore, Plaintiff's motion as to Request No. 2 is denied.

In Request Nos. 3 and 4, Plaintiff seeks Defendant's Articles of Incorporation and Bylaws and all minutes from the Board of Director's and Shareholders' meetings from 1985 to present. Defendant has responded that they will produce the documents requested in No. 3 and that as to No. 4, Plaintiff has not demonstrated the relevance of all board meeting minutes. This court notes that board meeting minutes that pertain to Defendant's conduct with respect to the plans are relevant to Plaintiff's claims. Defendant is correct in noting that Plaintiff's request is broad in that it is not limited to only that information that is relevant to his claims. This court finds that Defendant is required to produce board meeting minutes that convey information as to the Board's actions with respect to the creation, operation and administration of the ESOP, the Savings and Retirement Plan and the Correlated Pension Plan. Therefore, Plaintiff's motion as to Request No. 4 is granted in part.

3

In Request No. 8 Plaintiff seeks all business plans prepared by or for Defendant from 1990 to present. This court finds that these documents may be relevant to the valuation issues raised in Plaintiff's complaint. Therefore, Plaintiff's motion as to Request No. 8 is granted.

Request Nos. 9 and 10 and 12-15 address documents relating to the Savings and Retirement Plan and Correlated Pension Plan in addition to the ESOP. Defendant has agreed to produce the ESOP documents subject to a protective order in response to Request Nos. 9 and 10. As to Request Nos. 12-15, Defendant asserts that the ESOP documents have been provided and Defendant will provide any non-ESOP documents that have appraisals with different values from the ESOP appraisals. As stated above, Defendant will be required to produce documents relating to plans other than the ESOP. Therefore, Plaintiff's motion as to Request Nos. 9 and 10 and 12-15 is granted.

In Request Nos. 17 and 18, Plaintiff seeks minutes of the meetings of fiduciaries for the non-ESOP plans. As stated above, documents relating to the non-ESOP plans are relevant to Plaintiff's claim. Therefore, Plaintiff's motion as to Request Nos. 17 and 18 is granted in accordance with the above findings.

Similarly, in Request Nos. 20-23, Plaintiff seeks documents relating to plans other than the ESOP. Defendant has agreed to produce the documents as they relate to the ESOP, but objects to providing the documents that do not relate to the ESOP. As previously stated, this court finds that non-ESOP documents are relevant and therefore must be produced. Plaintiff's motion as to Request Nos. 20-23 is granted.

Finally, in Request No. 32, Plaintiff seeks all documents relating to the compensation of Defendant's executives, officers and board members from 1990 to the present. In his motion, Plaintiff claims that his complaint included an allegation of excessive compensation to Defendant,

R. Ray Wood, resulting in a decline in value of the ESOP. (Plaintiff's Motion to Compel at 2, filed 11/18/2001). This court's review of the complaint revealed no such claim and in his reply Plaintiff concedes that his assertion of an excessive compensation claim was erroneous. (Plaintiff's Reply at 8, filed 12/14/2001). However, Plaintiff asserts that the documents are still relevant as the issue of compensation is directly related to the ESOP stock valuation issues and is therefore relevant to the question of whether or not the plan participants received fair market value for their shares. (Plaintiff's Reply at 8, filed 12/14/2001). This court agrees that the documents sought may be relevant, however, Defendant raises a valid issue with respect to the confidential nature of documents relating to individual's compensation. This court finds that Defendant must produce the documents requested pursuant to a protective order designating such documents "for attorney's eyes only".

## CONCLUSION

For the above reasons, this court grants Plaintiff's motion to compel in part and denies it in part. The parties are ordered to submit an agreed protective order to the court by February 1, 2002. Defendant must produce the requested documents in accordance with this decision by February 15, 2002.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 1/24/02