Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50134 | **DATE** | 8/13/2002 |
| **CASE TITLE** | BEAUCHEM vs. ROCKFORD PRODUCTS CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to this court's June 21, 2002, order a thorough in camera review of documents, from which Defendants redacted information, has been completed. This court finds that Defendant complied with the order. Plaintiff's motion for order to show cause is denied. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 13 2002 | 52 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/13/2002 | |
| | | 02 AUG 13 PM 3:06 | date mailed notice | |
| tml | courtroom deputy's initials | Date/time received in central Clerk's Office | gg mailing deputy initials | |



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| HARRY J. BEAUCHEM ) | |
| ) | |
| Plaintiff, ) | Case No. 01 C50134 |
| ) | |
| v. ) | Phillip G. Reinhard |
| ) | P. Michael Mahoney |
| ROCKFORD PRODUCTS CORP., ) | |
| FIRST OF AMERICA BANK, ) | |
| ROCKFORD, N.A. and JOHN DOE, ) | |
| ) | |
| Defendant. ) | |

## Memorandum Opinion and Order

Pursuant to a Discovery Conference on June 21, 2001, Plaintiff filed a Motion For Order To Show Cause, asking the court to order Defendant to produce complete unredacted documents, provide the court with reasons why redaction should be allowed, and sanction Defendant for willfully violating this court's Memorandum and Order governing the production of responsive documents. (Pl.'s Mem. at 4, 7).

Plaintiff filed a complaint on April 27, 2001, asserting three major allegations against the Defendant. First, Plaintiff alleges that Defendant, as named sponsor, fiduciary, named fiduciary and a party with an interest, with regard to the Employee Stock Option Plan (ESOP), breached its fiduciary duty. (Ct. Memorandum Opinion and Order at 1). Second, Plaintiff alleges that Defendant overcharged the ESOP in its initial purchase of 500,000 shares of Rockford Products stock from the company in October 1985, actively concealed the overcharge, and failed to take any action to recoup the ESOP's losses as a result of the stock purchase. (Pl.'s Summ. of the Case at 1-2). Third, Plaintiff contends that Defendant caused the ESOP to engage in a per se prohibited transaction, sold

stock held by the ESOP for less than adequate consideration, and failed to act in accordance with the express terms of the plan. (Pl.'s Summ. of the Case at 1-2).

After several attempts to receive full compliance with discovery requests, Plaintiff filed a Motion to Compel on November 13, 2001. (Pl.'s Mot. For Order To Show Cause at 3). Plaintiff requested this court to order the production of all documents relating to Defendant's Savings and Retirement Plan and Correlated Pension Plain in addition to those relating to the ESOP. Plaintiff's request was based on the assertion that the documents were relevant under Rule 26(b). (Ct. Memorandum Opinion and Order at 2).

Federal Rules of Civil Procedure Rule 26(b)(1) provides that, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." In it's Memorandum Opinion and Order this court noted that Rule 26(b)(1) provides for discovery of non-privileged information relevant to the "claim or defense of any party", indicating that relevance is more closely tied to the actual allegation contained in the complaint. (Ct. Memorandum Opinion and Order at 2). Therefore, in granting Plaintiff's motion to compel in part and denying it in part, this court required the Defendant to produce board meeting minutes that convey information as to the Board's actions with respect to the "creation, operation, and administration of the ESOP, the Savings and Retirement Plan, and the Correlated Pension Plan." (Ct. Memorandum Opinion and Order at 3).

Defendant redacted portions of the produced documents. Defendant contends those portions of the submitted documents are not discoverable, and there is no reason they should have to police the potential disclosure of non-discoverable information when redaction is available. (Def.'s Resp. To Mot. For Order To Show Cause at 3). Defendant argues that the portions of the Meeting Minutes

relating to the three retirement plans is small, and redaction provides the relevant information Plaintiff is entitled to and preserves the confidentiality of Defendants' sensitive and non-public information. *Id.* Defendant also argues that redaction of portions of the Compensation Committee Minutes and Committee Member's notes is appropriate because they address management, compensation, and some other issues, which do not relate to stock valuation. *Id.*

Plaintiff's position is that the Rules do not allow redaction of non-discoverable information. In response, Defendant claims that according to Fed. R. of Civ. P. Rule 26(c)(2) and (3), they are entitled to obtain a Protective Order allowing discovery under specified terms and conditions and under a different method. (Def.'s Resp. To Mot. For Order To Show Cause at 4). Under Fed. R. Civ. P. Rule 26(c), the court may, for good cause shown, enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." *McCready v. City of Chicago*, 1999 U.S. Dist. LEXIS 8989, *see Jepson, Inc v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). It is well established that "the party seeking the [protective] order bears the burden of establishing good cause, and even if the parties agree that an order should be entered, good cause must still be shown." *Id.* A motion under Rule 26(c) to limit discovery requires the court to compare the hardship to the party against whom discovery is sought with the hardship to the party seeking discovery; to consider the nature of the hardship and its magnitude, giving more weight to interests that have a distinctively social value than to purely private interests; as well as to consider the possibility of reconciling the competing interests through a carefully crafted protective order. *Marrese v. American Academy of Orthopaedic Surgeons*, 726 F.2d 1150 (7th Cir.1984).

Upon in camera review of the documents from which Defendant redacted information, this court finds that the portion of Minutes relating to the three retirement plans is small and that large

3

portions of the Board Minutes relate to other aspects of the company's operation and administration. Subsequently, this court has determined that good cause exists to support redaction. The information contained within the redacted portions of the documents does not relate to the creation, operation or administration of the three retirement plans. Therefore, based on the in camera review of all documents, this court finds that redaction of portions of the submitted documents is appropriate under Rule 26.

## CONCLUSION

Pursuant to this Court's June 21, 2002, Order a thorough in camera review of documents from which Defendants redacted information has been completed. This Court finds that the Defendant complied with the Order. Plaintiff's motion for order to show cause is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/13/07