# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50134 | **DATE** | 9/27/2002 |
| **CASE TITLE** | Beauchem vs. Rockford Products Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Joint Motion for Protective Order and Plaintiff's Motion to Strike Defendants' Joint Motion for Protective Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Plaintiff's Motion to Strike Defendants' Joint Motion for a Protective Order is denied. Defendants' Joint Motion for a Protective Order is denied and Defendants are ordered to produce all documents and communications in compliance with this Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 27 2002 date docketed | 63 |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | |
| | Mail AO 450 form. | | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 02 SEP 27 AM 11:46 | 9/27/2002 date mailed notice |
| sp | courtroom deputy's initials | | Date/time received in central Clerk's Office | sp mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HARRY J. BEAUCHEM, | ) |
| | ) |
| Plaintiff, | ) Case No. 01 C 50134 |
| | ) |
| v. | ) Magistrate Judge |
| | ) P. Michael Mahoney |
| ROCKFORD PRODUCTS CORP., FIRST | ) |
| OF AMERICA BANK, N.A. AND JOHN DOE | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge must again address a discovery dispute between Harry Beachum ("Plaintiff") and Rockford Products Corporation, First of America Bank, and John Doe ("Defendants"). Defendants filed a Joint Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with respect to certain documents requested by Plaintiff. Plaintiff responded by filing a Motion to Strike Defendants' Joint Motion for Protective Order pursuant to Local Rules 37.2 of the Northern District of Illinois. For the following reasons, Defendants' Joint Motion for Protective Order is denied and Defendants are ordered to produce documents in compliance with this order. Further, Plaintiff's Motion to Strike Defendants' Joint Motion for Protective Order is denied.

### Background

Plaintiff filed his First Amended Complaint on July 19, 2002. In it, Plaintiff, on behalf of the participants in the Rockford Products Corporation Employee Stock Ownership Plan (the "ESOP") and the Rockford Products Savings and Retirements Plan (the "SRP"), alleges

1

Rockford Products, the Trustee and/or the Plan Administrators of the ESOP and the SRP breached their fiduciary duties to the participants of the ESOP and the SRP. (Pl.'s First Am. Compl. at 2). Specifically, Plaintiff alleges Defendants failed to take any action to cause the return to the ESOP or the SRP of substantial overcharges in connection with the original purchase of Rockford Products stock by the ESOP and the SRP. *Id.* This purchase is known as the "1985 Asset Purchase and Creation of the ESOP." *Id.* at 6. Additionally, Plaintiff alleges Defendants caused Rockford Products to pay senior members of the company's management team unreasonable and excessive compensation. *Id.* at 2.

On July 25, 2002, Defendants filed a Joint Motion for Protective Order asserting, among other things, Plaintiff's Requests 1 and 2 are beyond the scope of discoverable material.[1] (Rockford Products and First of America Bank's Joint Mot. for Protective Order at 6). Defendants argue Plaintiff's request seeks all documents and communications between the Trustee and Rockford Products regarding, referring or relating to the ESOP and the SRP "no matter how tenuous or irrelevant that relationship might be to the instant litigation." *Id.* Defendants also argue that Plaintiff's request would impose unreasonable expense and burden upon Defendants in that Plaintiff's requests would require Defendants to "search their files for every scrap of paper relating to any of the plans." *Id.* at 7.

Plaintiff argues that Plaintiff is seeking discovery of documents and communications

---

[1] It should be noted that Defendants' Joint Motion for Protective Order initially sought a ruling on eight of Plaintiff's requests. However, at the time of this Order, the parties have settled all but Requests 1 and 2 of Plaintiff's Second Request for Documents. Additionally, Plaintiff's Amended Complaint eliminated any claims regarding the Pension Plan and thus Plaintiff has agreed to eliminate any requests mentioning the pension plan. *See* Pl's Resp. to Rockford Products and First America Bank's Am. Joint Mot. for Protective Order.

2

directly related to the fiduciary misconduct alleged in the Amended Complaint. (Pl.'s Response to Rockford Products and First America Bank's Am. Joint Mot. for Protective Order at 3-4). The documents and communications requested, Plaintiff further argues, are related to the claims and defenses asserted in the First Amended Complaint and are reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 4. In response to Defendant's undue burden argument, Plaintiff states the "sphere of potentially responsive documents and/or communications should be finite, readily identifiable and discrete" because Requests 1 and 2 seek only "production of the communications between and among the two corporate Defendants in this action." *Id.*

## Discussion

**Motion to Strike Pursuant to Local Rule 37.2**

The Magistrate Judge turns first to Plaintiff's Motion to Strike Pursuant to Local Rule 37.2 of the Northern District of Illinois. The court has broad discretion to determine how and when to enforce local rules. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Local Rules 37.2 provides:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

Plaintiff served Plaintiff's Second Request for Production of Documents to Defendant on

3

or about June 20, 2002. (Pl.'s Br. in Opp'n to and Mot. to Strike Rockford Products and First America Bank's Joint Mot. for Protective Order at 2). Defendants served their responses to the request on or about July 23, 2002. *Id.* Defendants then filed their Joint Motion for Protective Order on July 25, 2002. In response to the Motion for Protective Order, Plaintiff filed a Motion to Strike that states "at no time from June 20th to the present has counsel for Defendants initiated any discussion with counsel for Plaintiff regarding the breadth of scope of Plaintiff's Second Discovery Requests." *Id.* Additionally, Plaintiff states bluntly "Defendant did not make any attempt whatsoever to comply with Local Rule 37.2 by consulting or attempting to consult with Plaintiff." *Id.* at 2-3. Defendants amended their Joint Motion for Protective Order by adding a certification that "On Monday, July 29, 2002, following the filing of the Joint Motion, counsel for the parties convened a telephone conference in an attempt to resolve the discovery dispute that is the subject of the Joint Motion." (Amendment to Rockford Products and First of America Bank's Joint Mot. for Protective Order at 1). In addition to a telephonic conference, Defendant states "counsel for the parties exchanged several letters regarding the discovery dispute." *Id.*

The Magistrate Judge agrees with Plaintiff that, as filed, Defendants' Joint Motion for Protective Order did not comply with Local Rule 37.2. Defendants certification is absent any statement regarding how the Defendants attempted to consult with Plaintiff. Even more damaging to the Defendants is the fact that in their amended Joint Motion for Protective Order, filed on August 8, 2002, Defendants' state "On Monday, July 29, 2002, **following the filing of the Joint Motion,** counsel for the parties convened on a telephone conference ... ." The Magistrate directs the Defendants to review Local Rule 37.2, especially the section that states "this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, **unless the motion includes a statement**" of consultation. How the Defendants thought they could be in compliance with the Local Rules when the consultation between Plaintiff and Defendants did not even take place until four days after Defendants filed their Joint Motion for Protective Order is a

4

wonder. Nevertheless, Defendants did amend their motion and it does appear there has been a sufficient conference under Local Rule 37.2. Therefore, Plaintiff's Motion to Strike is denied. Additionally, Plaintiff's request for attorneys' fees and costs is denied.

**Motion for Protective Order**

Defendants' Joint Motion for Protective Order claims that Plaintiff's discovery requests are beyond the scope of discovery authorized by Rule 26(b) of the Federal Rules of Civil Procedure. Specifically, at issue, is Plaintiff's request for "All documents between Rockford Products and First of America Bank concerning the creation, operation and/or administration of the ESOP, including, without limitation, documents which related to the 1985 Asset Purchase, the Rexnord Settlement, and/or the 1984 Stock Sale."[2] (Pl.'s Resp. to Rockford Products and First America Bank's Am. Joint Mot. for Protective Order at Ex. A). Thus, before turning to Rule 26(c), the Magistrate Judge addresses Rule 26(b).

Under Federal Rules of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The 2000 amendments to Rule 26(b)(1) narrowed the scope of discoverable material with the inclusion of the term "relevant to the claim or defense of any party" and the removal of the term "relevant to the subject matter involved in the pending action." *Compare State of Illinois v. Tri-Star Industrial Lighting, Inc*, No 99 C 8156, 2000 WL 1508248, *1 (N.D. Ill. Oct. 6, 2000)(stating "The key phrase in this definition– 'relevant to the subject matter involved in the pending action'--has been construed broadly ... .)(citing *Oppenheimer Fund Inc. v. Sanders*,437 U.S. 340, 351 (1978)), *with*

---

[2]Also at issue is Plaintiff's identical request regarding the SRP.

*Behler v. Hanlon*, 199 F.R.D. 553, 555 (D. Md. 2001)(stating the "new version of Rule 26(b)(1) ... defines the scope more narrowly ... .") However, the narrowing of Rule 26(b) does not mean that a fact must be alleged in a pleading for the party to be entitled to discovery or information concerning that fact. Rather, it means that the fact "must be germane to a specific claim or defense asserted in the pleading for information concerning it to be a proper subject of discovery." *See* 6 Moore's Federal Practice, § 26.41 (Matthew Bender 3d ed.). With this in mind, the Magistrate Judge turns to Rule 26(c).

Rule 26(c) states "for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1)that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). The district court has discretion to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209 (1984). Rule 26(c) states only good cause is required in determining whether or not to issue a protective order. *Id.* at 37, 104 S.Ct. at 2209-10. In deciding whether good cause exists, the district court must balance the interest of the parties taken into account, the harm to the party seeking the protective order, and the importance of the disclosure to the non-moving party. *Wiggins v. Burge*, 173 F.R.D 226, 229 (N.D. Ill. 1997).

At issue is the language of Plaintiff's requests for documents and communications. The Magistrate Judge must essentially decide whether to include one word or three in Plaintiff's request. Plaintiff seeks the "including, without limitation" language while Defendants seek a request including "and."[3] The Magistrate Judge concludes Plaintiff's request, using the

---

[3]Plaintiff suggests: "All documents between Rockford Products and First of America Bank concerning the creation, operation and administration of the ESOP, **including, without limitation**, documents which relate to the 1985 Asset Purchase, the Rexnord Settlement, and/or
(continued...)

6

"including, without limitation" language, conforms to Rule 26(b) as such a request is within the scope of 26(b)'s "claims or defenses" language. Additionally, the Magistrate Judge does not find such a request to be burdensome to the Defendants. Therefore, the Magistrate Judge orders Defendant to comply with Plaintiff's request concerning the ESOP and the SRP as per this Order

## Conclusion

For the above stated reasons, the Magistrate Judge orders that Plaintiff's Motion to Strike Defendants' Joint Motion for a Protective Order is denied. Further, it is ordered that Defendants' Joint Motion for a Protective Order is denied and Defendants are ordered to produce all documents and communications in compliance with this Order.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 9/27/02

---

[3](...continued)
the 1994 Stock Sale."
    Defendants suggest: "All documents between Rockford Products and First of America Bank concerning the creation, operation and administration of the ESOP **and** relating to the 1985 Asset Purchase, the Rexnord Settlement, and/or the 1994 Stock Sale."

7