Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50134 | **DATE** | 3/24/2003 |
| **CASE TITLE** |  | BEAUCHEM vs. ROCKFORD PRODUCTS | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the claims against FOA are dismissed with prejudice. The claims against RP for breach of fiduciary duty are dismissed with prejudice. Beauchem is granted thirty days to file an amended complaint pleading fraudulent concealment with particularity as to the prohibited transaction claims against RP and the fiduciary breach claims against the individual defendants relating to the 1985 and 1994 stock transactions and loans and the Rexnord settlement. If an amended complaint is not filed within the time allowed, an order will be entered dismissing these claims with prejudice. As to all other claims against the individual defendants, the motions to dismiss are denied. The parties are ordered to contact the magistrate judge within thirty days to schedule mediation or a settlement conference.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 25 2003 date docketed | 92 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to ~~judge~~/magistrate judge. ✓ | 3-25-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Harry J. Beauchem brings this action against defendants, Rockford Products Corp. ("RP"), First of America Bank, Rockford, N.A. ("FOA"), Gerald Thain, Richard Goff, Richard Mowris, David Peterson, and Ray Wood alleging violations of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et seq. in matters relating to the Rockford Products Corporation Employee Stock Ownership Plan ("ESOP") and the Rockford Products Savings and Retirement Plan ("SRP") in both of which Beauchem is a participant. The court has jurisdiction pursuant to 29 U.S.C. § 1132 (e) (1). Each defendant has separately moved to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted. Many of the grounds advanced for dismissal are common to more than one defendant. RP and FOA argue they are not fiduciaries. All defendants contend the actions complained of were not fiduciary acts, that Beauchem, as an individual participant, is not entitled to relief under 29 U.S.C. § 1132 (a) (3) and that the statute of limitations bars Beauchem's claims for breach of fiduciary duty and prohibited party in interest transactions arising from stock transactions in 1985 and 1994 and a settlement with Rexnord, Inc. in 1994.

A 12 (b) (6) motion is granted only when, taking all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, no set of facts could be proved entitling plaintiff to relief. See American United Logistics, Inc. v. Catellus Development Corp., 319 F.3d 921, 926 (7th Cir. 2003). A complaint is not supposed to contain all of the facts necessary to prevail but is to be short and plain and "suffices if it notifies the defendant of the principal events. . . ." Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003).

As relevant to this case, a person is a fiduciary under ERISA to the extent he exercises discretionary authority or control over the management of a plan, or any authority or control respecting management or disposition of its assets or has any discretionary authority or responsibility in the administration of the plan. See 29 U.S.C. § 1002 (21) (A). A person is a fiduciary "to the extent" he performs one of the enumerated tasks and therefore may be a fiduciary for some purposes but not for others. Plumb v. Fluid Pump Serv., Inc., 124 F.3d 849, 854 (7th Cir. 1997). A court must determine whether the person was a fiduciary with respect to the particular activity at issue in order to determine whether the person can be held liable for a breach of fiduciary duty. Id. "[A] person can become a fiduciary with respect to a particular activity even if there is no formal written allocation of the duty." Id. at 855.

Beauchem claims RP was a fiduciary because it appointed as members of the Plan Committee (the plan's "named fiduciary") individuals with loyalties to RP that conflicted with their duties to plan participants, failed to monitor the committee's actions (particularly the committee's failure to take action to recoup overpayment for RP stock in light of the Rexnord settlement), negotiated the purchase price of assets from Rexnord, set the initial price the ESOP and SRP would pay for RP stock, and negotiated the terms of the 1994 stock sale and loan refinancing to avoid RP's duty to make annual contributions to the ESOP sufficient to allow the ESOP to make payments due on the ESOP loan each year. The allegations concerning RP, if proven, would not make RP a fiduciary. Nothing requires or allows RP control over the Plan Committee beyond appointing its members. The Plan Committee, not RP, bears the duty of acting for the benefit of the participants. RP is not precluded from acting in its own interest. It is the members of the Plan Committee who are fiduciaries and whose actions as officers of RP may subject them to fiduciary breach liability if they fail to act with complete loyalty to the participants. See Delta Star, Inc., 76 F. Supp. 2d 617, 637 (W.D. Penn. 1999).

FOA is the trustee of the plan trust and the trust documents do not give FOA any discretionary authority concerning matters related to RP stock held by the ESOP or SRP. FOA is a directed trustee for purposes of transactions in RP stock as described in ERISA and as such is "subject to proper directions of such fiduciary which are made in accordance with the terms of the plan and which are not contrary to [ERISA]." 29 U.S.C. § 1103 (a) (1). Beauchem asserts that the actions of the Plan Committee were in violation of ERISA and that FOA had a fiduciary obligation as trustee to take action to recoup losses suffered by the ESOP on account of these violations. He also maintains FOA breached its fiduciary duty in failing to obtain an independent fair market value appraisal of RP stock purchased by the ESOP, failed to negotiate the terms of the ESOP stock purchase and to take action to recoup losses sustained as a result of the ESOP stock purchase. However, the plan documents do not vest FOA with the authority or responsibility to engage in these activities, and therefore, FOA is not a fiduciary with respect to these activities. See Maniace v. Commerce Bank of Kansas City, N.A., 40 F.3d 264, 267 (8th Cir. 1994), cert. denied, 514 U.S. 1111 (1995). The Plan Committee is the fiduciary for matters related to RP stock.

Beauchem claims RP is also liable as a party in interest that engaged in a prohibited transaction in violation of 29 U.S.C. § 1106 (a) (1) (A), (D). The prohibited transaction alleged is the purchase of RP stock by the ESOP from RP in 1985 for less than adequate consideration. Beauchem contends this was a per se prohibited transaction and that it made the corresponding ESOP loan and the 1989 and 1994 re-financings of the loan prohibited transactions as well. RP does not refute this claim other than to state in a footnote that the allegations are "demonstrably false" because the transactions at issue were exempt under 29 U.S.C. § 1108 (e). However, Beauchem's claim of inadequacy of consideration for these transactions takes this claim outside the exemption. See 29 U.S.C. § 1108 (e) (1).

All defendants argue Beauchem has failed to state a claim under 29 U.S.C. § 1132 (a) (2), (3). Beuachem is a proper plaintiff under (a) (2) as a participant seeking relief for breach of a fiduciary duty on behalf of the plan. See Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985). As to (a) (3), while it is true only traditional equitable remedies may be sought, see Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the court is not prepared to conclude at the motion to dismiss stage that Beauchem cannot be entitled under any set of facts to appropriate equitable relief. See Fed. R. Civ. P. 54 (judgment shall grant relief to which party is entitled even if party has not demanded such relief in the party's pleadings.)

Defendants also argue Beauchem lacks standing to challenge the 1985 transactions because he was not an employee and plan participant at that time. However, defendants do not cite where this fact appears in the complaint, and its absence precludes its consideration.

The individual defendants, Thain, Goff, Peterson, Wood, and Mowris, all members, at some time, of the Plan Committee argue for dismissal on the basis that the acts complained of were not fiduciary acts. However, Beauchem pleads failure to determine fair market value for the 1994 stock transaction, failure to seek recovery of overpayment after learning of the Rexnord settlement, failure to monitor the excess compensation being paid to RP executives, and failure to conduct due diligence review of the annual ESOP valuations. These types of failures could constitute breaches of fiduciary duty. See Delta Star, 76 F. Supp. 2d at 637.

All defendants maintain the statute of limitations bars any action for breach of fiduciary duty concerning the 1985 and 1994 stock transactions and the Rexnord settlement. RP further claims the five year Illinois statute of limitations for conversion bars the prohibited transaction claim. 735 ILCS 5/13-205. ERISA's limitations period for fiduciary breach is the earlier of six years after the breach or violation or three years after plaintiff has actual knowledge of the breach or violation. 29 U.S.C. § 1113. In the case of fraud or concealment, the period is six years after discovery of the breach or violation. Id. While the stock transactions and Rexnord settlement on their face appear to fall outside the limitations period, Beauchem has alleged concealment and that he filed the complaint within six years of discovery of the breach. However, allegations of fraud or concealment must be pleaded with particularity per Fed. R. Civ. P. 9 (b), see Wolin v. Smith Barney Inc., 83 F.3d 847, 845 (7th Cir. 1996), and Beauchem has failed to do so. He must plead the who, what, when and where of the alleged fraudulent concealment. See Lachmund v. ADM Services, Inc., 191 F.3d 777, 782 (7th Cir. 1999). Likewise, as to the prohibited transaction claims, Beauchem has alleged fraudulent concealment which under Illinois law, 735 ILCS 5/13-215 extends the limitations period to five years after discovery. Beauchem, however, must plead the fraudulent concealment with particularity.

For the foregoing reasons, the claims against FOA are dismissed with prejudice. The claims against RP for breach of fiduciary duty are dismissed with prejudice. Beauchem is granted thirty days to file an amended complaint pleading fraudulent concealment with particularity as to the prohibited transaction claims against RP and the fiduciary breach claims against the individual defendants relating to the 1985 and 1994 stock transactions and loans and the Rexnord settlement. If an amended complaint is not filed within the time allowed, an order will be entered dismissing these claims with prejudice. As to all other claims against the individual defendants, the motions to dismiss are denied.

The parties are ordered to contact the magistrate judge within thirty days to schedule mediation or a settlement conference.