Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50134 | **DATE** | 10/14/2003 |
| **CASE TITLE** | Beauchem vs. Rockford Products | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Rockford Products' Petition to Show is denied. Rockford Products' Motion to Restrict is granted. This Court orders, pursuant to Northern District of Illinois Local Rule 26.2, that the Demand Letter be deemed a restrictive document.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | OCT 14 2003 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 10/14/2003 |
| | | 03 OCT 14 PM 2:55 | date mailed notice |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

Document Number: 135

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HARRY J. BEAUCHEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 50134 |
| ) | |
| ROCKFORD PRODUCTS ) | Philip G. Reinhard |
| CORPORATION, et al., ) | P. Michael Mahoney |
| ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

Rockford Products Corporation ("Rockford Products") filed, on June 26, 2003, a Petition for Rule to Show Cause ("Petition to Show Cause") why Plaintiff Harry Beauchem ("Beauchem") and his counsel should not be held in contempt of this Court for violation of the agreed protective order. Rockford Products also filed a Motion for Restricting Order Relating to Exhibit to its Petition for Rule to Show Cause ("Motion to Restrict"). On August 7, 2003, Beauchem filed his Memorandum in Opposition to Rockford Products' Motions ("Beauchem's Response"). Rockford Products filed its reply on August 21, 2003. On August 21, 2003, this Court ordered an *in camera* inspection of a Demand Letter referenced in both parties' briefs. On September 2, 2003, Beauchem filed a Notice asking to provide this Court with certain summaries of "Highly Confidential- Attorneys' Eyes Only" compensation information produced by Rockford Products. This Court granted Beauchem's request. Having received and read the briefs and all documents produced for an *in camera* inspection, this Court is ready to rule. For the following reasons, Rockford Products' Petition to Show Cause and Motion to Restrict is granted in part and denied in part.

## Background

The facts of this case have been discussed in greater detail in one of this Court's previous opinions, *Beauchem v. Rockford Products Corp.*, No. 01 C 50134, 2002 WL 31155088 (N.D. Ill. Sept. 27, 2002), and thus, for the purposes of this discovery motion, this Court will only briefly summarize the relevant facts here.

On November 13, 2001, this Court entered an agreed protective order. The protective order governed the publication, dissemination, and other use of "Confidential Information." The protective order further provided that materials containing "Confidential Information" may be marked "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only" by the producing party. Pursuant to the terms of the protective order, "Highly Confidential – Attorneys' Eyes Only" is limited to (i) attorneys and secretarial, paralegal, and staff personnel of the outside attorneys of record in this action; (ii) independent testifying and consulting expert(s); (iii) any witness or prospective witness when it is indicated on the fact of the documents in question that the witness or prospective witness is the author, recipient or intended recipient of the document; and (iv) outside commercial copying and document imaging services. Additionally, the protective order provides that any summary, note or copy containing "Confidential Information" shall be subject to the terms of the protective order.

Rockford Products, in response to Beauchem's discovery requests, produced documents containing "Confidential Information" relating to executive compensation. Rockford Products asserts that the documents produced to Beauchem were designated as "Highly Confidential – Attorneys' Eyes Only." Allegedly, on January 31, 2003, Beauchem's counsel submitted a Demand Letter to Rockford Products and, as indicated on the bottom of the letter on the last page, sent a

carbon copy of the Demand Letter to Beauchem. Rockford Products argues that the Demand Letter contained "Confidential Information" relating to executive compensation which Beauchem's counsel derived from documents designated as "Highly Confidential – Attorneys' Eyes Only." As such, Rockford Products argues Beauchem was not permitted access to the Demand Letter absent an agreement between the parties or pursuant to an Order by this Court. Additionally, Rockford Products asserts that Beauchem's counsel's alleged violation was compounded by Beauchem's circulation of a purported "notice" to Beauchem's fellow employees which Rockford Products believes was Beauchem's attempt to garner support for his assertions by accusing Rockford Product's management of "taking company assets out the back door" in the form of excessive compensation.

## Discussion

"A court's civil contempt power rests in its inherent authority to enforce compliance with court orders and to ensure that judicial proceedings are conducted in an orderly manner." *Ogborn v. Local 881*, No. 98 C. 4623, 2003 WL 21003703, at *2 (N.D. Ill. May 1, 2003)(citing *Jones v. Lincoln Elec. Co.*, 1888 F.3d 709, 737 (7th Cir. 1999)). The nature of the contempt power may be civil, criminal, or both. *Id.* (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). In this case, in order for Rockford Products to make out a prima facie case of civil contempt again Beauchem and his counsel, Rockford Products must "establish the existence of a valid court order, and that [Beauchem] has knowledge of the order and failed to comply with the order." *Id.* (citing *Hicks v. Feiock*, 485 U.S. 624, 628 (1988)).

There is little dispute as to the existence of a valid court order. This Court entered a protective order agreed upon and drafted by both parties on November 13, 2001. Both parties

3

acknowledge its existence and neither dispute that this Court entered the protective order. However, what is in dispute is whether Beauchem and his counsel failed to comply with the protective order entered by this Court.

First, it should be noted, that Rockford Products does not argue that Beauchem's counsel provided exact information from documents Rockford Products provided Beauchem's counsel under the guise of "Highly Confidential– Attorneys' Eyes Only." Rather, Rockford Products argues Beauchem violated Paragraph 2(i) of the protective order which states, in pertinent part, that "[a]ny summary, notes or copy containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which it was made." Specifically, Rockford Products argues that Beauchem's counsel summarized the executive compensation information provided by Rockford Products in the Demand Letter.

While it does appear that Beauchem's counsel did in fact summarize the executive compensation information provided by Rockford Products, this Court finds that such action does not quite rise to a level of contempt, although Beauchem and his counsel should be forewarned that they are walking on thin ice and dangerously close to falling in. This Court finds as it does because the Demand Letter does not provide specific amounts of individual compensation; rather, the Demand Letter provides a gross amount Beauchem's counsel believes was overpaid to five of Rockford Products' employees. Beauchem's letter to his fellow employees confirms that he does not have concrete information relating to the individual executive compensation. Beauchem alleges in his complaint that some individuals at Rockford Products were paying themselves with money from the employee savings plan. Beauchem's lawyer must be able to inform his client of the alleged gross amount of overpayment. The client needs the information to make a settlement analysis. However,

the client does not need an individual breakdown. Therefore, disclosure of the gross amount must have been contemplated by the parties when they agreed to the protective order.

This Court will restrict the Demand Letter pursuant to Northern District of Illinois Local Rule 26.2. This Court does not see the necessity of releasing the Demand Letter to the public. Therefore, Rockford Products' Motion to Restrict is granted.

This Court recognizes the need for parties to exchange demand letters and to engage in settlement. Beauchem argues that granting Rockford Products' Petition to Show Cause would have a chilling effect on settlement negotiations. Beauchem and his counsel should know that this Court only denied Rockford Products' motion because this Court did not feel that the Demand Letter rose to the level of contempt, not because of any alleged chilling effect. Beauchem's counsel should note that, in fact, this Court believes not having the parties abide by agreed protective orders would have not only a chilling effect but a devastating effect not only with settlement negotiations but with litigation in general. Beauchem and his counsel are warned that the protective order this Court entered will be enforced.

## Conclusion

For the above stated reasons, Rockford Products' Petition to Show Cause is denied. Rockford Products' Motion to Restrict is granted. This Court orders, pursuant to Northern District of Illinois Local Rule 26.2, that the Demand Letter be deemed a restrictive document.[1]

---

[1] This Court also denies Beauchem's Motion for Rule 11 Sanctions raised in Beauchem's Response. Beachum's Rule 11 motion is procedurally improper. Rule 11 provides, in pertinent part, that:

> A Motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 10/14/03

provided in Rule 5, but shall not be filed with or presented to the
court unless, within 21 days after service of the motion, the
challenged paper, claim, defense, contention, allegation, or denial
is not withdrawn or appropriately corrected.

See Fed. R. Civ. P. 11(c)(1)(A); see also Divane v. Krull Electric Co., 200 F.3d 1020, 1025 (7th Cir. 1999). It is safe to say that Beauchem completely failed to follow any part of Rule 11(c)(1)(A). This Court dismisses the motion without further discussion.