Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50134 | **DATE** | 2/6/2004 |
| **CASE TITLE** | BEAUCHEM vs. ROCKFORD PRODUCTS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, the claims against RP as a party in interest are dismissed as to the 1985 transactions. The claims against the individual defendants seeking to hold them liable as co-fiduciaries for failure to correct fiduciary breaches of prior fiduciaries are dismissed. Otherwise, defendants' motions to dismiss are denied. From the number of motions filed in this case, it is evident that both sides already have expended substantial sums in attorney's fees. The court still believes mediation would be appropriate. The parties are ordered to report in writing to this court and to the magistrate judge on or before 2/23/04 what actions have been taken in accordance with the court's prior order to schedule mediation and the results of those actions.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | FEB 06 2004 | |
| | Notified counsel by telephone. | | date docketed | 144 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 2-6-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Harry J. Beauchem, brings this action, in a third amended complaint, against defendants, Rockford Products Corp. ("RP"), Richard L. Goff, Richard L. Mowris, David P. Peterson, Gerald S. Thain, and R. Ray Wood alleging violations of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et seq. in matters relating to the Rockford Products Corporation Employee Stock Ownership Plan ("ESOP") and the Rockford Products Savings and Retirement Plan ("SRP") in both of which plaintiff is a participant. The court has jurisdiction pursuant to 29 U.S.C. § 1132 (e) (1). The claim against RP is based on its alleged status as a party to a prohibited transaction. The individual defendants are alleged to have breached their fiduciary duties as members of the plan committee that managed the ESOP and SRP. Defendants have moved to dismiss certain of plaintiff's claims pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted claiming the statute of limitations bars plaintiff's claims for breach of fiduciary duty and prohibited party in interest transactions arising from stock transactions in 1985 and 1994, a settlement with Rexnord, Inc. in 1994, and refinancings in 1989 and 1994. In an order entered March 24, 2003, the court noted that these matters on their face appeared to fall outside the limitations period but granted plaintiff leave to file an amended complaint to allege with particularity (see Fed. R. Civ. P 9(b)) the fraud or concealment that would render the filing of this action timely.

Defendants contend ERISA sets no specific limitations period for prohibited transaction claims so the period for such claims is borrowed from state law, in this case, the Illinois five-year statute of limitations for conversion actions. 735 ILCS 5/13-205. Where there is fraudulent concealment, Illinois extends the period to five years after discovery. 735 ILCS 5/13-215. Plaintiff maintains prohibited transaction claims are subject to the limitations period set by 29 U.S.C. § 1113.

Section 1113 provides a limitations period for breaches and violations under "this part," which is part 4 of ERISA. 29 U.S.C. § 1113. A claim against a transferee of a prohibited transaction, however, arises under section 1132 (a) (3), see Harris Trust & Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 248-49 (2000), which is in part 5. This claim is outside the scope of section 1113 so the limitations period must be borrowed from state law. Claims to avoid a prohibited transaction are analogous to conversion actions so it is the Illinois five-year limitations period for conversion that applies. See Calobrace v. American Nat'l Can Co., No. 93 C 999, 1995 WL 557410, *8 (N.D. Ill. Sept. 19, 1995) (Manning, J.).

Plaintiff alleges the ESOP's 1985 acquisition of RP stock at the inception of the plan and its sale of RP stock to RP in 1994 were prohibited transactions because they were not for adequate consideration. Generally, a prohibited transaction occurs when there is a sale or exchange of property between the plan and a party in interest. 29 U.S.C. § 1106 (a) (1) (A). However, an exemption exists for ESOPs when the transaction is the acquisition or sale of qualifying employer securities for adequate consideration. Id. § 1108 (e). The limitations period for conversion begins to run on the date of the conversion. See Nelson v. Sotheby's, Inc., 115 F. Supp. 2d 925, 929 (N.D. Ill. 2000) (Bucklo, J.). By analogy, the limitations period here would have begun to run on the date of the respective prohibited transactions. Absent an exception, these claims are untimely because this action was commenced April 27, 2001, more than five years after each transaction, which occurred in 1985 and 1994. Illinois provides that "[i]f a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such a cause of action. 735 ILCS 5/13-215. Plaintiff contends RP through its agents fraudulently concealed the causes of action so that they were not discovered by plaintiff until at the earliest March 25, 1998, which would be within the limitations period where fraudulent concealment has occurred. Fraudulent concealment must be pled with particularity. Fed. R. Civ. P. 9 (b). Plaintiff's allegations indicate 1991 as the time from which the concealment dates. He alleges no specific acts occurring before 1991. Thus, the limitations period for the 1985 transaction expired before the first alleged act of concealment. The prohibited transaction claim against RP for the 1985 stock transaction is barred by the statute of limitations.

As to the 1994 transactions, plaintiff alleges RP, through its agents the individual defendants, fraudulently concealed the settlement with Rexnord, thereby causing the sale of stock by the ESOP to be for inadequate consideration. Plaintiff alleges that the defendants intentionally refused to file Form 5500 with the Department of Labor for the plan years ending October 31, 1994 and 1995 in a timely manner in order to conceal the inadequate consideration for the stock transaction. The Form 5500 for each of these years was not filed until August 15, 1996. He further alleges RP's officer, Peterson, in response to a direct request from plaintiff in 1997, told plaintiff the Rexnord settlement had no impact on the plans and that the terms of the settlement were none of his business.

Fraudulent concealment requires some trick or contrivance to exclude suspicion or inquiry. See Martin v. Consultants & Administrators, Inc., 966 F.2d 1078, 1095 (7th Cir. 1992). Plaintiff has alleged sufficient facts to survive a motion to dismiss. The essence of his prohibited transaction claim is the inadequacy of the consideration. He has alleged facts which show actions taken to conceal the inadequacy of the consideration from plan participants such as plaintiff by not filing required reports and telling plaintiff the settlement had no impact on the plans. Defendants contend that concealing the inadequacy of consideration cannot be concealment of the action because adequacy of consideration is an affirmative defense that must be pled by defendants and is not an element of the plaintiff's claim. See Keach v. U.S. Trust Co., N.A., 235 F. Supp.2d 886, 899 (C.D. Ill. 2002) (Mihm, J.), vacated in part on other grounds, No. 01-1168, 2002 WL 31958720, (C.D. Ill. Dec. 12, 2002). However, defendants' concealment of the actual value of the stock held by the plans at the time of the 1994 sale to RP in effect concealed the cause of action because without that information plaintiff could not have known a violation occurred. Accordingly, plaintiff has alleged facts to support fraudulent concealment of the cause of action at least until after the spring of 1997. The cause of action filed in April 2001 is within the five-year limitations period of 735 ILCS 5/13-215 and, therefore, timely.

The statute of limitations for a fiduciary breach under ERISA is the earlier of (1) six years from the last action constituting part of the breach or, in the case of an omission, the latest date on which the fiduciary could have cured the breach or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach. 29 U.S.C. § 1113. However, in the event of "fraud or concealment" the period is six years after the date of discovery of the breach. Id. This provision governs the claims against the individual defendants. Because this provision provides a six-year limit after discovery for claims of fiduciary breach, plaintiff's action is timely for the same reasons the prohibited transaction claim was timely. For the reasons discussed above, breach of fiduciary duty claims related to the 1985 transactions are untimely but plaintiff has alleged sufficient facts to show fraud or concealment and discovery no earlier than spring of 1997 for fiduciary breaches arising from the 1994 transactions. The action begun in 2001 is within six years of the alleged discovery of the breach.

Plaintiff also claims the individual defendants are liable for failure to correct the breaches caused by predecessor fiduciaries in the 1985 transactions. However, ERISA expressly states no fiduciary shall be liable for a breach committed before he became a fiduciary or after he ceased to be one. 29 U.S.C. § 1109 (b). Allowing a fiduciary to be liable for failing to correct a breach committed by prior fiduciaries would destroy the protection of section 1109 (b).

For the foregoing reasons, the claims against RP as a party in interest are dismissed as to the 1985 transactions. The claims against the individual defendants seeking to hold them liable as co-fiduciaries for failure to correct fiduciary breaches of prior fiduciaries are dismissed. Otherwise, defendants' motions to dismiss are denied.